IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No. 1:13-cr-060 |
| | : | |
| **v.** | : | |
| | : | |
| **CARL E. MURPHY, JR.,** | : | Judge Sylvia H. Rambo |

# M E M O R A N D U M

Before the Court is the Defendant Carl E. Murphy, Jr.'s ("Murphy") motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. (Doc. 47.) For the reasons set forth the below, the motion will be denied.

## I.   BACKGROUND

In March 2013, Murphy was charged with two counts of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1.) The charges arose from two separate incidents in 2012 when Murphy was found to be in possession of two different firearms. (Doc. 51, p. 1, Presentence Investigation Report[1] ("PSR"), ¶¶ 5, 8.) Murphy's possession of the firearms was unlawful because he was previously convicted of crimes punishable by imprisonment for a term exceeding one year. (Doc. 51, pp. 1, 12; PSR ¶¶ 9, 29, 30.) In 2001, Murphy was convicted of unlawful delivery of a controlled substance in the Dauphin County

---

[1] Murphy did not make any relevant objections to the PSR. (*See* Doc. 34; Doc. 21 ¶ 15.)

1

Court of Common Pleas. (PSR ¶ 29.) He was sentenced to 1-3 years' imprisonment, paroled twice thereafter, and ultimately served a maximum sentencing after violating parole. (*Id*.) In 2005, Murphy was convicted on firearms charges in the Dauphin County Court of Common Pleas. (*Id.* ¶ 30.) Murphy was sentenced to 3-6 years' imprisonment, paroled twice beginning around three years later, and ultimately served a maximum sentence after violating parole. (*Id*.)

In August 2013, after initially pleading not guilty to both felon in possession charges, Murphy changed his plea and pleaded guilty to a Superseding Felony Information charging him with a single violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 20.) In February 2014, this Court entered judgment against Murphy and sentenced him to 108 months of incarceration to be followed by a period of three years of supervised release. (Doc. 35.) Murphy did not appeal. (Doc. 47, p. 2; Doc. 51, p. 2.)

In September 2019, acting *pro se*, Murphy filed his present motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. (Doc. 47.) The government opposes the motion and timely responded. (Doc. 51.) The matter is thus ripe for review.

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate or set aside a judgment that is imposed in violation of the Constitution or laws

of the United States or is otherwise subject to collateral attack. However, "[b]ecause collateral review under § 2255 is not a substitute for direct review, a movant ordinarily may only raise claims in a 2255 motion that he raised on direct review." *Hodge v. United States*, 554 F.3d 372, 378–79 (3d Cir. 2009) (citing *Bousley v. United States,* 523 U.S. 614, 621 (1998)). To obtain collateral relief based on alleged errors to which no contemporaneous objection was made, or appellate errors not preserved on direct appeal, a convicted defendant must demonstrate both "cause" excusing his procedural default and "actual prejudice" resulting from the errors, or must demonstrate his "actual innocence." *United States v. Frady,* 456 U.S. 152, 167-68 (1982); *see United States v. Jenkins,* 333 F.3d 151, 154-55 (3d Cir.2003); *United States v. Garth,* 188 F.3d 99, 107 (3d Cir. 1999). Section 2255 motions filed by *pro se* parties are entitled to a liberal construction. *See United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999).

### III.  DISCUSSION

Murphy's § 2255 motion argues that his conviction for felon in possession of a firearm should be vacated because the charging documents failed to allege that Murphy knew that he was previously convicted of a crime punishable by incarceration for over year. (Doc. 47, p. 5.) He similarly argues that he did not admit to such knowledge in his plea allocution. *Id.* The government concedes this was an error pursuant to the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct.

2191, 2200 (2019), which was issued after Murphy was convicted and sentenced. In *Rehaif*, the Supreme held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). The government was thus required to, but did not, allege in the charging documents that Murphy knew he was previously convicted of "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.S. §§ 922(g)(1). (*See* Doc. 20.)[2]

Nevertheless, Murphy procedurally defaulted on this claim because there can be no dispute that he failed to raise on direct review the issue of whether the government was required to allege and prove Murphy's awareness of his prior felony convictions. *See Cooper v. United States,* No. 19-3645, 2019 WL 7494402, at *2 (6th Cir. Dec. 12, 2019) (finding that the defendant procedurally defaulted on his *Rehaif* claim by failing to raise it on direct review); *Fleury v. United States,* No. 00-CR-076, 2019 WL 6124486, at *3 (S.D.N.Y. Nov. 19, 2019) (same). Thus, to obtain relief, Murphy must show cause and actual prejudice. *See Frady*, 456 U.S. at 167-68; *Jenkins,* 333 F.3d at 154-55.

---

[2] The government was not required to allege and prove that Murphy knew it was illegal for him to possess a firearm. Neither *Rehaif* nor any other case establishes such a rule. Therefore, any argument by Murphy to the contrary (*see* Doc 47, p. 4) is rejected. *See United States v. Warren*, No. 3:19-CR-080, 2020 WL 1434467, at *2 (S.D. Ohio Mar. 24, 2020); *United States v. Wilson*, No. 1:17-CR-60, 2019 WL 6606340, at *6 (W.D. Mich. Dec. 5, 2019).

4

Murphy argues that he has cause for his failure to previously raise the issue because he was charged and pled guilty before *Rehaif* was decided, and because there was no controlling legal authority on point at the time. (*See* Doc. 47, p. 11.) The Supreme Court has held that cause may exist "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). However, "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 623 (internal quotation marks and citation omitted).

In this case, Murphy cannot show cause because the issue decided in *Rehaif* was not so novel that its legal basis was not reasonably available to Murphy in the first instance. "The issue decided in *Rehaif* was percolating in the courts for years," including by the time Murphy was charged and pleaded guilty. *United States v. Bryant*, No. 11-CR-765, 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020) (citing *United States v. Reap*, 391 F. App'x 99, 103-104 (2d Cir. 2010), *cert. denied*, 564 U.S. 1030 (2011); *United States v. Kind*, 194 F.3d 900, 907 (8th Cir. 1999), *cert. denied*, 528 U.S. 1180 (2000)); *see also United States v. Langley,* 62 F.3d 602, 605 (4th Cir. 1995)*; United States v. Olender,* 338 F.3d 629, 636 (6th Cir. 2003); *United States v. Kitsch*, No. 03-594-01, 2008 WL 2971548, at *3 (E.D. Pa. Aug. 1, 2008). That Murphy's claim may not have been accepted by this court or in this Circuit does not provide cause for his failure to raise it.

Moreover, even if Murphy could show cause, he has not shown that he was actually prejudiced by the *Rehaif* error. The record indicates he was not prejudiced. The government had significant evidence that Murphy was aware in 2012 that he had previously been convicted of "a crime punishable by imprisonment for a term exceeding one year" insofar as: (1) Murphy was sentenced to 1-3 years for controlled substance charges in 2001; (2) Murphy was sentenced to 3-6 years for firearms charges in 2005; (3) Murphy initially served three years for his 2005 conviction before being paroled; and (4) Murphy ultimately served maximum sentences for both convictions after violating parole. As the government correctly asserts: "These convictions—and the fact Murphy spen[t] multiple years in prison on each of them—can leave little doubt that Murphy had full knowledge that he had been convicted of crimes punishable by more than a year in prison. As such, the failure to explicitly lay that element out in the Felony Information could not have prejudiced him in any way." (Doc 51, p. 12.) There is simply no reason to believe that Murphy's decision to plead guilty would have been any different had the government properly alleged (and subsequently have been required to prove) Murphy's awareness of his prior convictions. *See United States v. Burghardt,* 939 F.3d 397, 403-05 (1st Cir. 2019) (finding that the defendant did not demonstrate a reasonable probability that he would have declined to plead guilty had he been informed of *Rehaif's* knowledge requirement and noting that the receipt of sentences exceeding one year "would

6

certainly have made clear to Burghardt the fact that his offenses were punishable by more than a year in prison"), *cert. denied sub nom.,* No. 19-7705, 2020 WL 1326086 (Mar. 23, 2020). Therefore, Murphy's procedural default will not be excused based on cause and actual prejudice.

Finally, Murphy has not shown that he is actually innocent. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623; *see Hubbard v. Pinchak*, 378 F.3d 333, 339 (3d Cir. 2004). Murphy does not argue or introduce any evidence indicating that he is innocent of knowingly and illegally possessing a firearm. Nor does he argue or introduce any evidence that he was unaware of his prior convictions and the sentences that he himself received, and even served. As discussed, the government had significant evidence to satisfy its burden and the requirements imposed by *Rehaif*. Even under the most liberal construction of Murphy's motion, nothing before the court supports the conclusion that Murphy is actually innocent of illegally possessing a firearm. As such, Murphy's procedural default will not be set aside based on actual innocence.

Murphy cannot overcome his procedural default because he has not shown both cause excusing his default and actual prejudice resulting from the error, or that

he is otherwise actually innocent.[3] Thus, a hearing on the motion is not necessary because "the files and records of the case conclusively show that [Murphy] is entitled to no relief." 28 U.S.C. § 2255(b).

## IV. CONCLUSION

For the reasons set forth above, Murphy's motion to vacate will be denied. An appropriate order shall follow.

*s/Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: April 16, 2020

---

[3] This reasoning applies with equal force with respect to any claim by Murphy that the court failed to properly inform him of 922(g)'s and 924(a)(2)'s knowledge requirement when it accepted his guilty plea. *See Burghardt*, 939 F.3d at 405.